UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE JAVIER FERNANDEZ, ELVIO TORIBIO AND
ARIEL OVALLES,

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, JAMES P. O'NEILL Commissioner of the
New York City Police Department, POLICE OFFICER
JOSE CEPEDA, SHIELD #19206, SGT. AMADEO
OKTROVA, SHIELD NO.: 26126, POLICE OFFICER
"JANE" MANSION AND NEW YORK CITY POLICE
OFFICERS JOHN DOES (names and shield numbers of
whom are presently unknown) and other unidentified
members of THE NEW YORK CITY POLICE
DEPARTMENT,

Defendants.

**AMENDED COMPLAINT**

DOCKET NO.:19-CV-1862 (DLC)

**JURY TRIAL DEMANDED**

**Preliminary Statement**

1.  This is a civil rights action brought to vindicate the plaintiff's rights under the Fourth and

    Fourteenth Amendments of the Constitution of the  United States, and under the Civil

    Rights Act, 42 U.S.C. §1983 and the laws of the State of New York.  Plaintiffs' JOSE

    JAVIER FERNANDEZ', ELVIO TORIBIO'S AND ARIEL OVALLES' rights were violated

    when on July 14, 2018 in Bronx County, Defendant police officers acting under color of

    state law, forcibly seize them while lawfully while in public without any justification or

    hint of criminal activity, informed them that they were being detained and subsequently

    arrested because they were "three Spanish males in a van" and "must be gang members"

    and fabricated criminal charges against them of weapon's possession which were

    ultimately dismissed upon "speedy trial grounds".  By reason of defendants' actions,

1

including their racial profiling and racial animus, their false arrest, false imprisonment and malicious prosecution of Plaintiffs, JOSE JAVIER FERNANDEZ, ELVIO TORIBIO AND ARIEL OVALLES   were deprived of their constitutional, statutory and common law rights.

2. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331, 1343.   This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b) in that Plaintiffs' claim arose in the Southern District of New York and Plaintiffs reside   in that district.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

6. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and causes of actions which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## **PARTIES**

7.    All Plaintiffs reside and at all times hereinafter mentioned, resided in Bronx County, State of New York.

8.    Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

9.    JAMES P. O'NEILL (O'NEILL)  has been the Police Commissioner of the New York City Police Department since September, 2016, and was acting in such capacity at all times relevant herein.   He is sued in his official capacity.

10.    POLICE OFFICER JOSE CEPEDA, SHIELD #19206, SGT. AMADEO OKTROVA, SHIELD NO.: 26126, POLICE OFFICER "JANE" MANSION AND NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT

(the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.  The Individual Defendants are being sued herein in their individual and official capacities.

11.    At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

12.    Plaintiffs, with the permission of the Bronx County Supreme Court, timely filed a Notice of Claim with the Comptroller of the City of New York on December 6, 2018.

13.    THE CITY OF NEW YORK assigned claim numbers to plaintiffs' claims, *to wit*, claim number 2018PI033870 (FERNANDEZ), 2018PI033869 (TORIBIO) and 2018PI033867 (OVALLES), and exercised its right to conduct an individual examination of Plaintiffs on

4

February 26, 2019.  Neither Plaintiff nor his counsel has yet received a copy of the transcript of that examination.

14.     The events upon which this action is based occurred on July 14, 2018 through and including October 18, 2018 when all criminal charges against Plaintiffs were dismissed.


## STATEMENT OF FACTS


15.     Plaintiffs are all of Hispanic ancestry and are either citizens or lawful permanent residents of the United States.  Plaintiff JOSE JAVER FERNANDEZ was, at the time of the incident, and is a member of the United States armed forces having served in the United States Army and was, at the time of the incident, and is in the United States Army Reserves.


16.     On July 14, 2018, Plaintiff JOSE JAVIER FERNANDEZ was lawfully operating a mini-van owned by him in the area of 196th Street and the Grand Concourse in Bronx County.  Plaintiffs ELVIO TORIBIO and  ARIEL OVALLES were passengers in the mini-van.


17.     At approximately 11:00 P.M., three armed police officers in an unmarked vehicle forcibly pulled over the mini-van.   JOSE JAVIER FERNANDEZ had not committed any vehicle

and traffic violations, the mini-van complied with all vehicle and traffic regulations and the police did not possess any information that any of the Plaintiffs that would have justified their or the vehicle's detention.

18.     The officers surrounded the mini-van.   They asked JOSE JAVIER FERNANDEZ for his license, registration and proof of insurance which was provided and which the officers confirmed were in order.

19.     The officers then took the name of each Plaintiff explaining that such information was needed to run a "warrant check" on the Plaintiffs.

20.     The officers returned stating that their inquiry did not reveal that there were any warrants for any of the Plaintiffs.   Nevertheless, the officers ordered Plaintiffs out of the van with one officer declaring that because they had come upon "three Spanish males in a van" the Plaintiffs must be "gang members".

21.     Plaintiffs objected about being described as "gang members" but the officers repeated that three male Hispanics in a van was "suspicious" and then stated that they would have to run a new "warrant check" at the 52nd Precinct and ordered Plaintiffs out and to stand at the rear of the van where all the Plaintiffs were thoroughly searched.

22.     No officer requested consent from any Plaintiff to search the van and the officers

handcuffed all Plaintiffs and ordered all Plaintiffs to face away from the van preventing the Plaintiffs from observing the officers' search of the van.

23.     The Defendant officers spent the next approximate forty-five (45) minutes searching the mini-van.   As the Defendant officers left the mini-van's interior, they declared that they had found a knife but refused to show Plaintiffs that knife and refused to state where inside the mini-van they had discovered that knife.   Upon information and belief, no "knife" was ever vouchered by the Defendant Officers. At no time did any officer issue any Plaintiff any summons or ticket for any vehicle and traffic law violation.

24.     The Defendant officers stated that they were charging all three Plaintiffs with criminal possession of a weapon (the knife) and the Defendant officers transported Plaintiffs to the 52nd Precinct with POLICE OFFICER JOSE CEPEDA SHIELD #19206 again declaring that Plaintiffs were "gang members" and that that there was some suspicion of Plaintiffs because there were "three Dominicans in a van". There, the Plaintiffs were fingerprinted and photographed.

25.     Plaintiffs spent the next approximately twenty-four  (24) hours being placed in a cell in the 52nd Precinct, in Bronx Central Booking and in Bronx Criminal Court and Plaintiffs were subjected to additional searches in each location and were also, for the second time, fingerprinted, photographed and had their eyes scanned.

26.     On July 15, 2018, the Plaintiffs appeared in Bronx Criminal Court for their arraignment
        where they were notified that they were charged with criminal possession of a weapon in
        the Fourth Degree.   They were all released on their own recognizance, made three more
        court appearances over the next three (3) months and on October 18, 2018, all charges were
        dismissed because the prosecution was not ready to proceed in violation of New York's
        "speedy trial" statute.

27.     Defendant SGT. AMADEO OKTROVA, SHIELD NO.: 26126 has, prior to this action and prior
        to the acts complained of herein, been accused in four separate lawsuits in New York State and
        United States District Court of committing civil rights violations against New York residents.

28.     Defendant SGT. AMADEO OKTROVA, SHIELD NO.: 26126 had made it a practice and a
        habit to stop African-Americans, Hispanics and other minorities for no reason other than
        their ethnicity.

29.     On at least four (4) prior occasions known to the CITY OF NEW YORK and THE NEW
        YORK CITY POLICER DEPARTMENT, Defendants SGT. AMADEO OKTROVA,
        SHIELD NO.: 26126, POLICE OFFICER JOSE CEPEDA, SHIELD #19206 and POLICE
        OFFICER "JANE" MANSION have stopped, detained and/or arrested African Americans,
        Hispanics and other minorities and violated their civil and constitutional rights.   More
        specifically, on occasions before and after July 14, 2018, POLICE OFFICER "JANE"
        MANSION has stopped Plaintiff JOSE JAVIER FERNANDEZ while Plaintiff was either
        lawfully operating his vehicle or lawfully walking on the streets of the Bronx simply to

8

unlawfully search Plaintiff, unlawfully question Plaintiff, demand his identification and otherwise violate Plaintiff's FERNANDEZ' civil rights because FERNANDEZ is Hispanic.   Additionally, POLICE OFFICER JOSE CEPEDA, SHIELD #19206 similarly stopped FERNANDEZ while FERNANDEZ was lawfully walking on the street, demanded his identification and violated his civil rights.

30.   The Defendants are and have been aware of the aforementioned policy and practice of Defendant SGT. AMADEO OKTROVA, SHIELD NO.: 26126 and other officers and have sanctioned that policy and practice.

31.   As of the date of this incident, defendant O'NEILL has failed to implement procedures which were known to defendants that would have eliminated the policy of unlawfully stopping, unlawfully detaining and unlawfully searching Hispanics and other minorities.

32   Defendants' failure to take such measures, was and is unreasonable conduct and violative of Plaintiff's civil rights as guaranteed by the New York State and United States Constitution.

33   The actions and conduct herein arose from a policy, practice and/or custom in which Defendants, THE CITY OF NEW YORK and O'NEILL knew that the manner in which officers under their control and tutelage were violating citizens' rights in a wholesale fashion in increasing frequency.

9

34      The actions and conduct herein further arose from a policy, practice and/or custom, in which defendants, THE CITY OF NEW YORK and O'NEILL failed and refused to properly train and supervise police officers with regard to the manner in which they treat and act towards blacks and minorities as opposed to non-minorities.

35      The violation of Plaintiffs' civil rights was far in excess of their rightful authority as NEW YORK CITY POLICE OFFICERS.   Those violations on Plaintiffs were made without proper cause.

36      The false arrest, false imprisonment and humiliation and embarrassment of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

## AS AND FOR A FIRST CAUSE OF ACTION

37      Plaintiff repeats all allegations contained in paragraphs "1" through "36" inclusive with the same force and effect as though more fully set forth herein again at length.

38      The defendant's actions as alleged herein were committed under color of law.

39      The actions, conduct and policies, racial profiling and racial animus, practices and/or

customs of defendants as described above, violated plaintiff's rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United states Constitution and the Civil Rights act of 1871, Title 42 U.S.C. §1983.

40    As a result of the acts alleged herein, Plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

41    Plaintiff repeats all allegations contained in paragraphs "1" through "40" inclusive with the same force and effect as though more fully set forth herein again at length.

42    Defendants, their agents, servants and employees were reckless, incompetent, and negligent and acted unreasonably and in bad faith in their unlawful detention, seizure and search of Plaintiffs and their possessions.

43    Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

11

44      As a result of defendants' actions, Plaintiffs have been damaged in a sum of not less than

Five Hundred Thousand ($500,000.00) Dollars

.

## AS AND FOR A THIRD CAUSE OF ACTION

45      Plaintiff repeats all allegations contained in paragraphs "1" through "44" inclusive with the

same force and effect as though more fully set forth herein again at length.

46      Defendants' acts in the touching and restraining Plaintiffs were willful and malicious with

the intent of causing or threatening to cause plaintiffs bodily harm.

47      Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear

and adjudicate such claims.

48      As a result of defendants' actions, Plaintiffs have been damaged in a sum of not less than

Five Hundred Thousand ($500,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

49      Plaintiff repeats all allegations contained in paragraphs "1" through "48" inclusive with the

same force and effect as though more fully set forth herein again at length.

50      During the course of defendants' actions, Defendants intentionally and maliciously prosecuted, forcibly restrained and imprisoned Plaintiffs and prevented them from moving of their own free will.

51      Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

52      As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

53      Plaintiff repeats all allegations contained in paragraphs "1" through "52" inclusive with the same force and effect as though more fully set forth herein again at length.

54      THE CITY OF NEW YORK and its employees, servants and/or agents acting within the scope of their employment did negligently hire, train and supervised defendants POLICE OFFICER JOSE CEPEDA, SHIELD #19206, SGT. AMADEO OKTROVA, SHIELD NO.: 26126 AND NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT, who were unfit for the performance of police duties on

July 14, 2018 and at other times, at the aforementioned locations.

55     Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

56     As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

57     Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

**WHISEFORE,** Plaintiff prays for relief as follows:

1.     This Court issue a declaration that defendants have violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2.     That the jury finds, and the Court adjudge and decree that Plaintiffs JOSE JAVIER FERNANDEZ, ELVIO TORIBIO AND ARIEL OVALLES, shall recover compensatory damages in the sum of not less than Five Hundred Thousand ($500,000.0) Dollars against all defendants jointly and severally.

3.     Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4.     Require the Defendants to pay Plaintiff punitive damages; and

14

5.      Order any other relief the Court deems appropriate.


Dated:   November 25, 2019

*ELLIOT H. FULD*

_____
ELLIOT H. FULD (EHF 8389)
Attorney for the Plaintiff
930 Grand Concourse-Suite 1G
Bronx, New York 10451
(718) 410-4111